OPINION
{¶ 1} Defendant-appellant, Jace Jones, Jr., appeals from the April 6, 2004 judgment of the Franklin County Court of Common Pleas sentencing him to five years incarceration for the offense of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree and three years incarceration for the offense of robbery in violation of R.C. 2911.02, a felony of the third degree. The trial court ordered that the sentences be served consecutively. For the reasons that follow, we must remand the case for resentencing.
{¶ 2} Appellant was indicted on September 5, 2003 by the Franklin County Grand Jury on one count of aggravated burglary, a felony of the first degree, one count of robbery, a felony of the second degree, and one count of robbery, a felony of the third degree. The case proceeded to a jury trial on March 8, 2004. The following facts were elicited at trial.
{¶ 3} On the evening of August 20, 2003, appellant posed as a pizza delivery person to gain access to the home where Brandy Shrader and her mother Judith Shrader were residing. Appellant claimed to be looking for a delivery address, and asked to use the telephone. Upon entering the residence, he took Judith Shrader's purse, shoved her, and ran out the door. Appellant took the stand and admitted entering the home under false pretenses, admitted grabbing the purse and running out of the house, but denied pushing or shoving either of the women.
{¶ 4} The jury found appellant not guilty of the offense of aggravated burglary as charged in Count 1 of the indictment, but guilty of the lesser included offense of burglary, a felony of the third degree. The jury also found appellant not guilty of the offense of robbery as charged in Count 2 of the indictment, a felony of the second degree, but guilty of the offense of robbery as charged in Count 3 of the indictment, a felony of the third degree.
{¶ 5} The trial court sentenced appellant on March 18, 2004 to five years imprisonment on the burglary charge and three years imprisonment on the robbery charge with the sentences to run consecutively.
{¶ 6} This appeal followed, with appellant asserting the following assignment of error:
I. The trial court erred to the prejudice of appellant by sentencing him to terms of incarceration without following Ohio's sentencing statutes.
{¶ 7} Appellant concedes that the trial court gave its reasons for imposing consecutive sentences. (Appellant's brief, at 2.) However, appellant argues that the trial court failed to state on the record its reasons for the five year and three year sentences it imposed. In support of this argument, appellant cites State v. Edmonson (1999),86 Ohio St.3d 324, for the proposition that the record of the sentencing hearing must reflect that the trial court found either or both of the statutorily sanctioned reasons for exceeding the minimum term. Appellant also cites State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, for the proposition that, when imposing consecutive sentences, a trial court must make the statutorily enumerated findings and give its reasons supporting those findings at the sentencing hearing. Appellant argues that the analysis in these cases also compels the trial court to state its reasons for imposing the terms of imprisonment it selected for the offender.
{¶ 8} We find appellant's argument unpersuasive as to his argument that the trial court failed to give its reasons for imposing a sentence greater than the minimum. However, based upon our own review of the record, we conclude that the trial court failed to make one of the statutorily required findings for imposing consecutive sentences.
{¶ 9} Ohio's sentencing scheme affords offenders meaningful review of sentencing determinations by the appellate courts. Comer, at 466. In sentencing an offender for a felony, the trial court must consider the overriding purposes of the felony sentencing scheme, which are to protect the public from future crime and to punish the offender. Id., citing R.C. 2929.11(A). The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Id., quoting R.C. 2929.11(B). The trial court must also consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both. R.C. 2929.11(A).
{¶ 10} If an offender has previously served a prison term, the trial court is not required to impose the statutory minimum term. R.C.2929.14(B)(1). Here, appellant previously served a prison term, and therefore the trial court was not required to give reasons and make findings before imposing more than the minimum sentence.
{¶ 11} "[W]hen imposing consecutive sentences, a trial court must make its findings under R.C. 2929.14(E)(4) and give reasons supporting the findings under R.C. 2929.19(B)(2)(c) at the sentencing hearing." Statev. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 14, citing Comer,
paragraph one of the syllabus. The findings required include a finding that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4).
{¶ 12} In addition to the required findings set forth above, R.C.2929.14(E)(4) also requires a trial court to make an additional finding that one of the three following statutory factors also applies:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, * * * or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 13} A trial court is required to provide these findings and reasons during the sentencing hearing. Comer, at ¶ 20. We must reverse and remand for resentencing consecutive sentences as "contrary to law" if the trial court failed to make the statutory findings or failed to sufficiently state its reasons. R.C. 2953.08(G)(1) and (G)(2)(b); Statev. Knott, Athens App. No. 03CA30, 2004-Ohio-5745 at ¶ 37; State v.Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 13; State v.Smith, Franklin App. No. 04AP-859, 2005-Ohio-2560.
{¶ 14} Here, the record reflects that the trial court made several findings and stated its reasons for imposing consecutive sentences. The trial court found that there was psychological and mental pain incurred by the victims, and that there was a significant threat of harm incurred by the victims. (Tr. 160.) The trial court found that, based upon appellant's criminal record and the nature of the offenses appellant was likely to re-offend in the future. Id. The trial court further considered the nature of the current offenses as well as his prior offenses which included rape and burglary. (Tr. 161.) The trial court found that, without imposing consecutive sentences, there was a strong likelihood that the community would be harmed and at high risk. Id. The court found appellant demonstrated no remorse toward the victims, but only expressed sorrow for having imposed these matters on the offender's wife. Id.
{¶ 15} Although appellant concedes that the trial court complied with the statutory requirements for consecutive sentences, we have reviewed the record and conclude that the trial court failed to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," as R.C. 2929.14(E)(4) requires. (Emphasis added.) While the trial court did find that, absent consecutive sentences, the public would be in danger from appellant, the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Accordingly, we must sustain appellant's assignment of error with respect to the imposition of consecutive sentences and remand the case for resentencing.
{¶ 16} Appellant's single assignment of error is sustained, we reverse the judgment in part with respect to sentencing only, and we remand this cause to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.
Judgment reversed in part and cause remanded.
Sadler and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.